## MORELAND *v.* LAWSON.

FISH, C. J.    Moreland sued out an attachment against Lawson, based on a promissory note, and an account claimed to be due the plaintiff by the defendant. Lawson entered suit against Moreland for an accounting between them as to the business of the partnership existing between the parties, which had been dissolved by consent. The note and account on which the attachment was founded were involved in the accounting and settlement of the partnership business. In the action for an accounting a decree was prayed. The judge by consent ordered the two cases consolidated; and thereupon an auditor was appointed, to whom all matters of law and fact involved in the cases were referred. To his findings Moreland filed two exceptions of fact, both of which were disallowed, and the findings of the auditor were approved and made the judgment or decree of the court. *Held*:

1. The petition for accounting, etc., was in equity, and the consolidation with it of the attachment proceeding, the subject-matter of which was involved in the equitable action, made the consolidated suit one in equity.

2. In equity cases the approval of exceptions of fact to an auditor's report is in the discretion of the judge. In the present case it does not appear that the disallowance of the exceptions of fact was an abuse of discretion, as an examination of the evidence reported in the brief of the auditor shows it to be sufficient to authorize the findings of fact to which exceptions are made.

*Judgment affirmed. All the Justices concur.*

No. 1700.    SEPTEMBER 29, 1920.

Exceptions to auditor's report.    Before Judge Tarver.    Murray superior court.    August 13, 1919.

*H. H. Anderson* and *C. N. King*, for plaintiff.

*W. E. Mann, W. G. Mann*, and *R. Noel Steed*, for defendant.